FILED
United States Court of Appeals
Tenth Circuit

October 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES THOR KIRK,

     Plaintiff - Appellant,

v.

OFFICER JEFFREY BURKE,

     Defendant - Appellee.

No. 17-2031
(D.C. No. 1:12-CV-01157-JAP-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

     Plaintiff James Kirk brought claims against Defendant, New Mexico State Police

Sergeant Jeffrey Burke, alleging that he violated Plaintiff's constitutional rights.  The

United States District Court for the District of New Mexico granted Defendant's motion

for summary judgment based on qualified immunity.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

     This suit arises out of the aftermath of a vehicle chase of Plaintiff by New Mexico

police officers in the early afternoon of October 26, 2010.  The chase ended when

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Plaintiff lost control of his vehicle while traveling about 90 miles per hour. The car overturned, and he was ejected. Remarkably, the medical evidence in the record indicates that he was only minimally injured—his worst injury apparently a fracture of his right hand. The orthopedic consult note from the hospital on October 26 states:

> The patient is quiet and uncooperative but does answer some questions. He is handcuffed to the bed in the emergency room.
> HEENT: Normocephalic with abrasions diffusely on his face.
> Chest: _____ chest rise. Tender to palpation on the chest.
> Abdomen is soft, nontender, nondistended.
> Right upper extremity was examined. He had tenderness to palpation and edema on the dorsum of the right hand. He had decreased range of motion of the fingers secondary to pain. His sensation is intact to light touch diffusely on the index finger and the rest of the median, ulnar and radial nerve distributions. Motor is intact to the median, ulnar, radial, anterior interosseous and posterior interosseous nerves. Brisk capillary refill in all five digits. Abrasions diffusely on the hand and one small twig was protruding from the skin approximately 3–4 mm., which I pulled out during the examination. It did not appear to have any joint involvement. The left upper extremity and right lower extremity were examined and they were neurovascularly intact with no gross deformities. The left lower extremity was examined about the knee as he had complained of some knee pain and he is tender to the medial and lateral jointlines. He has laxity to valgus stress and anterior drawer and Lachman's have no firm end point and are lax compared to the contralateral side.
> STUDIES:
> Radiographs of the left knee were reviewed with no osseous abnormalities.
> Radiographs of the right hand reveals second metacarpal shaft fracture.

R. Vol. I at 120. He was provided a splint for his hand and a brace for his left leg, and was told he could use crutches if needed. Follow-up was scheduled for a hand clinic on November 1 and a sports clinic on November 26.

The only disputed evidence regards what happened in the period after Plaintiff was ejected from his car but before he arrived at the hospital. Defendant describes that period as follows: After the crash he "immediately called for an ambulance and paramedics,"

R. Vol. II at 289 ¶ 3, and then tended to the passenger in Plaintiff's vehicle. Plaintiff, although initially unresponsive after being ejected from the vehicle, became responsive and "instantly combative" about the time another officer arrived on scene. *Id.* at ¶ 6. The two officers restrained Plaintiff, with Defendant assisting as the other officer handcuffed him. His "aggressive behavior . . . . prevented [the officers] from administering any first aid." *Id.* at ¶ 9. After being handcuffed, Plaintiff was not moved until the ambulance arrived, at which point he was transported by ambulance to a hospital.

This account is corroborated by the dashcam recording in Defendant's vehicle, which shows that he requested an ambulance immediately after the crash and shows no movement of Plaintiff from where he landed (although the recording ends before the ambulance arrived). Further corroboration appears in the report of the ambulance service, which states that the call for assistance was received at 1:02 PM, the ambulance arrived at the scene at 1:24 PM, Plaintiff was lying on the ground in handcuffs, and Plaintiff was taken to the hospital in the ambulance.[1] A time stamp in the hospital record

---

[1] The ambulance narrative report provides a fuller description of the scene as follows:

> Found multiple officers out with pt's and next to vehicle. Found SUV on it's topside. . . . Found male pt lying on his left side approx. 30 ft to the south of the vehicle. Noted that pt had an open airway with multiple abrasions and lacerations with no severe bleeding noted. No resp distress or labored breathing noted. Pt was talking when answered questions. Pt was in handcuffs, but released due to our request No step offs or deformities noted to neck or back. Skin w/p/d. Initially pt A&Ox1, but en route became A&Ox3. Laceration noted to right posterior scalp with slow oozing blood, but unable to get a good visualization due to hair. Approx 3–4 cm laceration noted to chin and between eyebrows, both of which had slow oozing blood. Dirt noted to face. Eyes perrl. No blood or fluid noted from mouth or ears. No tracheal deviation or JVD noted. =chest rise/all.

3

shows that Plaintiff had received medical care by 2:20 PM. The hospital records also show that Plaintiff was treated at the hospital and discharged at 3:27 AM the next morning to police custody.

Plaintiff has a different story. He asserts that shortly after he regained consciousness, as he lay on the ground, he felt an officer's knee on the back of his head while he was being handcuffed. He was then carried to the back of a patrol car (where he waited for an unknown amount of time) and transported to a hospital in the police car, not an ambulance. Plaintiff claims that as a result of Defendant's actions, he suffered "[p]ain and suffering and [migraine] headaches, [and] vertebral damage." R. Vol. II at 73 (Tr. 68:18–19).

We review the district court's grant of summary judgment de novo, drawing all reasonable factual inferences in favor of the nonmovant. *See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). When, however, we review a summary-judgment order granting qualified immunity, the plaintiff must point to evidence showing that "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

---

Entire chest wall tender upon palpation. No deformities or crepitis noted. Rating 10/10 sharp non-radiating pain. Reproducible with inspiration. No bruising or abrasions noted. Abd soft non-tender. Pelvis stable. Approx 10 cm laceration noted to lower left lateral extremity. Bleeding self controlled. Right lower extremity unremarkable. Small lacerations and abrasions to both upper extremities. Pt denied SOB, blurred vision, N/V/D.

R. Vol. I at 265.

4

It appears that the only claim before us is an indifference-to-medical-needs claim under the Fourteenth Amendment's Due Process Clause. Although Plaintiff's brief on appeal once mentions the alleged use of excessive force by Defendant, the district court stated in its decision below that Plaintiff had not raised an excessive-force claim in that court, and he does not challenge that statement on appeal. We therefore will not address that potential claim. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The well-settled law of this circuit is that issues not raised in district court may not be raised for the first time on appeal.").

To establish a due-process medical-needs claim, the plaintiff must prove both an objective and a subjective component. The objective component is that "the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Martinez*, 563 F.3d at 1088 (internal quotation marks omitted). The subjective component is that "the defendants knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* at 1089 (internal quotation marks omitted).

Under Defendant's corroborated account of the incident, officers promptly called for medical help after the accident and did not touch Plaintiff before the ambulance arrived, other than to restrain him after he refused to comply with commands to stop resisting and remain on the ground. If this account is correct, the subjective component could hardly be sustained. Plaintiff has asserted other facts, but we are skeptical that any reasonable jury could believe him in light of the contrary evidence in the record. In any event, Plaintiff's claim fails on the objective prong. There is no medical evidence that his

5

treatment at the scene of the accident (or lack thereof) caused any significant medical problems. Given the nature of Plaintiff's accident—being ejected from a car traveling 90 miles per hour—no lay person could properly opine that the limited damage described in the medical reports could be traced to Defendant's acts. *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes [a constitutional] violation where the plaintiff can show that the delay resulted in substantial harm."). And Plaintiff has provided no medical evidence that he suffered any injury, much less a significant one, as the result of his treatment after the accident. Because Plaintiff cannot establish a constitutional violation, Defendant is entitled to qualified immunity.

We **AFFIRM** the entry of summary judgment. We **DENY** all Plaintiff's pending motions, including the motions to proceed *in forma pauperis* and for appointment of an attorney.

Entered for the Court


Harris L Hartz
Circuit Judge

6